■ In the Matter of CLARITA NABOZNY, Respondent, v. WILLIAM J. RAULEN, Appellant.— Appeal by the defendant from a judgment of the Montgomery County Children's Court which adjudicated him to be the father of the complainant's child born out of wedlock and directing that he make payments for confinement expenses and support and maintenance for the said child. The parties, 18 years old, went steadily together from July, 1957 until the early part of April, 1958, when defendant was informed by the complainant that

she was pregnant and that he was the father. They had exchanged high school rings and presents and it was generally acknowledged that they were going "steady". It is not disputed that on several occasions, late at night, they had parked in defendant's automobile and "necked". Complainant alleged that on three of these occasions commencing in December they had sexual intercourse, which the defendant denied. When the pregnancy was suspected by the complainant, the defendant admitted taking her to a doctor although he testified he thought she was suffering from a heavy cold. He also admitted taking her to consult a member of the clergy as to her difficulties. The complainant's recitation of what took place on this occasion is much more plausible than the defendant's version. The respective parents of the parties met and discussed the situation and while there is some discrepancy as to the conversations, all admitted it concerned the complainant being pregnant and the consequences thereof. The time, the places and opportunity for the commission of sexual intercourse between the parties were shown, not only by their testimony but by other disinterested witnesses. Complainant categorically denied that she had relationships with any other person and although the defendant tried to show to the contrary, such matters as the credibility and reliability of the witnesses were within the province of the court who heard and observed their testimony. There was medical testimony to support the complainant's claim as to the time of conception. From our review of the record and without going into all of the evidence, which was discussed in detail in the opinion of the Children's Court Judge, we determine the evidence was entirely satisfactory to sustain the charges of the complainant. In fact, the proof was unusually convincing. Judgment unanimously affirmed, without costs. Present — Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.